## HANNAH L. FORCE AND HER HUSBAND v. JOHN B. PRO-BASCO AND JOHN T. FRITTS.

The declaration alleges that the defendants, who are practising physi-cians, did falsely and maliciously certify in writing, under oath, that they had examined into the state of health and mental condition of Hannah L. Force, and that in their opinion she was insane and a fit subject to be sent to the state asylum for the insane, by means of which false certificate, the defendants wrongfully and without reasonable cause, caused and procured the said Hannah to be arrested by her body and imprisoned in said asylum. This declaration shows no legal cause of action. It fails to aver that the defendants actually caused or procured the arrest, and discloses no facts from which it appears that the false certificate could have been the means of procuring the arrest. There is no logical connection between the wrongful act imputed to the defendant, to wit, the making of the false certificate, and the con-sequence attributed to it.

---

On demurrer to declaration.

Argued at June Term, 1881, before Justices DEPUE and VAN SYCKEL.

For the plaintiffs, *M. L. Trimmer*.

For the defendants, *Suydam & Jackson*.

The opinion of the court was delivered by

VAN SYCKEL, J. The material allegations in the first count of the declaration in this case are—

*First.* That the defendants are practicing physicians residing in the city of Plainfield.

*Second.* That they did falsely and maliciously, on the 31st day of August, 1880, certify in writing, under oath, that they had examined into the state of health and mental condition of the plaintiff, Hannah L. Force, and that in their opinion, she was insane, and a fit subject to be sent to the state asylum for the insane, by means of which false, fraudulent and malicious certificate, they, the said defendants, wrongfully and unjustly, and without reasonable cause, caused and procured the said Hannah to be arrested by her body and to be imprisoned and kept and detained in prison for a long space of time, to wit, for the space of two months.

The second count differs from the first only in that it contains the further allegation that the defendants caused and procured their said certificate to be filed and lodged with the superintendent of the state asylum for the insane at Morristown.

To this declaration the defendants have filed a general demurrer.

Neither count alleges that the defendants actually arrested or procured any one to arrest said Hannah. The averment is that by means of their certificate they caused her to be arrested and imprisoned, but how, or in what way the certificate and arrest are connected is left to conjecture. It does not appear how the making of a false certificate in this case affected the personal liberty of the plaintiff. The declaration discloses nothing which shows that the loss of liberty was the necessary consequence of the wrongful act imputed to the defendants.

There is no averment that the defendants unlawfully caused or procured the arrest of the plaintiff.

They could not have caused her arrest by the mere making and filing of a false certificate. The certificate was not an

order for her arrest, nor did it contain any request to any other person to deprive her of her liberty. The person upon whose petition she was admitted to the asylum might have made use of this certificate to effectuate his purpose, but the certificates of all the doctors in the land would not of themselves have restrained her of her freedom in the least degree.

The charge that the defendants did the single act of making and filing the false certificate, excludes the presumption that they did anything else to procure the arrest.

The allegation that by means of said false certificate the defendants procured her arrest, is an averment that the defendants' act was attended by a consequence which could not possibly have resulted from the mere making of a false certificate alone.

It was necessary that some one should have petitioned for her admittance to the asylum, and that she should be actually arrested, neither of which acts is imputed to the defendants in the declaration.

The averment of the declaration carries within itself its refutation.

The declaration must aver that the defendants caused and procured her arrest unlawfully, or it must allege that she was illegally deprived of her liberty, and charge the defendants with the commission of acts which show that they are responsible for the wrong inflicted upon her.

Neither defendant is alleged to have signed the request for her admission to the asylum, or to have procured another to do so. It does not appear how the false certificate aided in or procured the arrest, or that it was given with intent to enable some one else to procure the arrest, and used by complicity with the defendants for that purpose.

The declaration shows no legal cause of action. It omits to aver that the defendants actually caused or procured the arrest, and discloses no facts from which it appears that the false certificate could have been the means of procuring the arrest. There is no logical connection between the wrongful

act imputed to the defendants, to wit, the making of the false certificate and the consequence attributed to it.

The plaintiff may amend upon the payment of costs.